**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SAI TY, AKA Shi Chuan Lin, | No. 09-72530 |
| Petitioner, | Agency No. A076-692-542 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and BENNETT, District
Judge.[***]

Petitioner James Sai Ty ("Ty"), a native of the Philippines, petitions for

review of the BIA's decision affirming the IJ's denial of his applications for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mark W. Bennett, District Judge for the U.S. District
Court for the Northern District of Iowa, sitting by designation.

asylum and withholding of removal. Because substantial evidence supports the BIA's decision that Ty did not establish an objectively reasonable well-founded fear of persecution, we deny the petition.[1] Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

We review the BIA's determination that a petitioner does not have an objectively reasonable fear of persecution for substantial evidence. *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). The BIA's determination must be upheld unless "the evidence not only supports, but *compels* the conclusion that the asylum decision was incorrect." *Id.* (internal quotation marks omitted).

An applicant may demonstrate an objectively reasonable fear of persecution through specific evidence of both membership in a disfavored group and that the applicant, "in particular, is likely to be targeted as a member of that group." *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004). Even in the absence of direct, personal persecution, an applicant may demonstrate an individualized risk through evidence of acts of violence against family members if the violence "create[s] a

---

[1] Because we affirm the denial of Ty's application for asylum, we also affirm the denial of his application for withholding of removal. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation.").

pattern of persecution closely tied to the applicant." *Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir. 1999) (internal quotation marks omitted).

Although Ty's father was the victim of a kidnapping for ransom, Ty did not establish a pattern of persecution closely tied to him. Aside from ten to 20 phone calls from the kidnappers during the four months after the kidnapping, his family experienced no other harm, including his father who remained in the Philippines for a year and numerous extended family members who still reside there.

Additionally, Ty left the Philippines eight years before the kidnapping at age 16, his return would have been five years after the kidnapping, and he presented no evidence that the kidnappers would target him for the remaining ransom. Thus, substantial evidence supports the BIA's conclusion that Ty did not show he will be particularly targeted. Having failed to establish that requirement, the BIA did not err in not deciding whether Chinese-Filipinos are a disfavored group.

In addition to establishing an objectively reasonable well-founded fear of persecution, an applicant must also establish that the source of anticipated persecution is "the government or forces the government is either unable or unwilling to control," *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005)

3

(internal quotation marks omitted), and that the anticipated persecution is on account of[2] a statutory ground enumerated in 8 U.S.C. § 1101(a)(42)(A).

First, substantial evidence supports the BIA's conclusion that Ty did not establish that the government of the Philippines is unwilling or unable to control those responsible for the kidnappings. The State Department reports on the Philippines from 1999, 2000, and 2002 provide sufficient evidence that the government of the Philippines has pursued kidnap-for-ransom groups and do not compel a conclusion that the BIA's decision was incorrect. Second, substantial evidence supports the BIA's conclusion that Ty did not establish a nexus between his fear and a protected ground. Ty does not provide any direct or circumstantial evidence to show that the kidnappers were motivated by his father's ethnicity in addition to financial gain, and the State Department reports establish that kidnappers targeted Chinese-Filipinos on account of their perceived wealth rather than their race.

**PETITION DENIED.**

---

[2] The REAL ID Act of 2005 changed the law to require that the protected ground be "at least one central reason" for the persecution suffered. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). But because Ty filed his application for asylum on March 7, 2000, this case must be evaluated under our pre-REAL ID jurisprudence.